**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBERT MIDDLETON FRYE,

Defendant-Appellant.

No. 06-5176
(D.C. No. 02-CR-123-C)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

Robert Middleton Frye was charged with wire fraud, mail fraud, and bank fraud. The government moved for his detention pending trial. After a hearing, the magistrate judge determined that Mr. Frye was a flight risk, but ordered his release pending trial on the conditions that he remain in the custody of his father, post a ten-percent bond for $75,000, and be subject to electronic monitoring. The government then filed a motion with the district court seeking to revoke the

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

magistrate judge's release order. The district court granted the motion and entered an order detaining Mr. Frye pending further order of the district court. Mr. Frye appealed the district court's decision to this court.

Mr. Frye initially was set to be tried on October 2, 2006. During the briefing period on his appeal, Mr. Frye decided to change his plea from not guilty to guilty. He entered a guilty plea on September 15 and sentencing was set for December 13. After the hearing on the guilty plea, Mr. Frye was remanded to the custody of the United States Marshals Service.

Mr. Frye then filed a Notice of Change of Status with this court explaining what had occurred and asking this court to consider his appeal as a request for release pending sentencing instead of a request for release pending trial. The government filed a response brief and argued that the appeal was moot because there was no live case or controversy after Mr. Frye entered his guilty plea. Alternatively, the government argued that 18 U.S.C. § 1343(a) requires that Mr. Frye be detained.

Because we conclude that there is a live case or controversy concerning Mr. Frye's continued detention, we will reach the merits of the appeal. The district court's order stated that Mr. Frye was to be detained pending further order from the district court. After Mr. Frye entered his guilty plea and the sentencing hearing was set for December, he was ordered remanded to the custody of the United States Marshals Service. Although his status has changed, the original

detention order appears to be in continuing effect and can be reviewed by this court. No new findings are necessary because the findings that were made for the initial detention decision can be used to support the decision to continue to detain Mr. Frye pending sentencing. We review de novo mixed questions of law and fact concerning the detention decision. *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003). We review the district court's findings of fact for clear error. *Id.*

Section 3143(a) provides in relevant part that:

(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

After the initial detention hearing, the district court found that Mr. Frye was a flight risk and that he should be detained pending further order of the district court. *See* Aplt. App. at 70-71. To support his request for release pending sentencing, Mr. Frye made the following conclusory statement:

Appellant maintains that under the facts and circumstances of this case, and the evidence presented, compelling reasons exist for his release from custody pending sentencing, and urges this Court to consider whether Appellant's evidence presented at the detention hearing in this case establishes by clear and convincing evidence that Appellant is neither a flight risk nor [a] danger to the community.

Notice of Status Change at 2. Mr. Frye, however, failed to provide any record citations to support this statement. Without the benefit of any such citations, we

find nothing in the record that establishes by clear and convincing evidence that Mr. Frye is not a flight risk. The district court's order granting the government's motion for revocation of release and detaining Mr. Frye is AFFIRMED.

ENTERED FOR THE COURT
PER CURIAM